# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| PAUL DENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No.  4:24-cv-1305 PLC |
| | ) |
| ST. LOUIS UNIVERSITY | ) |
| d/b/a SAINT LOUIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

This matter is before the Court on review of the record.  In August 2024, Plaintiff filed a petition in the Circuit Court of the City of St. Louis alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, <u>et seq</u>. [ECF No. 4]  Defendant removed the action to this Court and on October 4, 2024, filed a motion to dismiss Plaintiff's petition. [ECF No. 12] The Court conducted a Rule 16 scheduling conference and entered a Case Management Order establishing December 20, 2024 as the deadline for filing "[a]ll motions for...amendment of pleadings[.]" [ECF No. 22]

On December 20, 2024, Plaintiff filed, without seeking leave of Court, a first amended complaint. [ECF No. 24] On January 8, 2024, Defendant filed a motion to dismiss Plaintiff's first amended complaint: (1) for failing to either obtain Defendant's consent to amend or moving the Court for leave to amend prior to filing the first amended complaint in violation of Federal Rule of Civil Procedure 15(a)(2), and (2) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. [ECF No. 27]

Plaintiff opposes Defendant's motion to dismiss the first amended complaint, asserting his filing of the first amended complaint was in compliance with the scheduling order and that Plaintiff "reasoned" that discussions with the Court regarding possible amendment of the petition during the Rule 16 conference "was akin to an oral motion" to amend which dispensed with the need for a written motion seeking leave to amend. [ECF No. 29] Plaintiff requests that the Court deny Defendant's request to dismiss the first amended complaint for failing to file a written motion for leave or, alternatively, to grant Plaintiff leave to file a second amended complaint with the "same content" as the first amended complaint. [ECF No. 29] Plaintiff further contends that the first amended complaint sufficiently pleads a cause of action for constructive retaliatory discharge. [ECF No. 29]

In addition to his response in opposition, Plaintiff filed a proposed second amended complaint [ECF No. 30] that is identical to his first amended complaint [ECF No. 24], bearing the title "First Amended Petition." Plaintiff subsequently filed: (1) a red-lined version demonstrating the differences between Plaintiff's original petition and the first amended complaint [ECF No. 31], (2) a new proposed second amended complaint, now with corrected title [ECF No. 32], and (3) a red-lined version demonstrating the difference between Plaintiff's first amended complaint and new proposed second amended complaint [ECF No. 33]. Based on the documents provided by Plaintiff, the only difference between Plaintiff's first amended complaint [ECF No. 24] and proposed second amended complaint [ECF No. 33] are the motions' titles.

Federal Rule of Civil Procedure 15(a) "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting Fed. R. Civ. P.

15(a)(2)).[1] The court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Even under this liberal standard, the parties do not have an absolute right to amend their pleadings. *Sherman*, 532 F.3d at 715. Denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted)).

Plaintiff should have sought, in compliance with Rule 15(a)(2), either Defendant's consent or the Court's leave prior to filing his first amended complaint.[2] However, in consideration of Rule 15(a)(2)'s liberal standard for granting leave, Plaintiff's attempts to cure his noncompliance, and the parties' briefing on the substantive issues regarding the sufficiency of Plaintiff's first amended complaint, the Court will grant Plaintiff leave to file his first amended complaint [ECF No. 24]. Defendant's motion to dismiss Plaintiff's first amended complaint [ECF No. 27] remains pending for the Court's disposition.[3] Plaintiff's request for leave to file a second amended complaint[4] is denied and, to avoid confusion, those documents Plaintiff filed in support of that request are stricken from the record.

---

[1] Rule 15(a) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or within 21 days after service of a responsive pleading or Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1). This provision is not applicable in this case.

[2] Notably, Plaintiff also did not file a motion for leave to file his second amended complaint but instead requested the leave as an alternative remedy within his opposition in response to Defendant's motion to dismiss Plaintiff's first amended complaint. [ECF No. 29]

Because this request came after the deadline for amending the pleadings as established by the Case Management Order, the request is governed by Rule 16(b), which provides guidance on the district court's issuance and modification of scheduling orders. Fed. R. Civ. P. 16(b); *Sherman*, 532 F.3d at 716. Rule 16(b) provides that case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2012).

[3] Defendant's reply is currently due January 24, 2025.

[4] Again, this was not a separate motion but an alternative request for relief raised in his response in opposition to Defendant's motion to dismiss [ECF No. 29].

In addition, because the first amended complaint supersedes the original complaint, the Court denies as moot Defendant's motion to dismiss the original complaint [ECF No. 12]. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect).

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff is **GRANTED** leave to file his first amended Complaint [ECF No. 24].

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** leave to file his second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's proposed amended complaint [ECF No. 30], proposed amended complaint [ECF No. 32], and red-lined supplement [ECF No. 33] are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 12] is **DENIED** as moot.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of January, 2025

4